UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE:** <br><br> **KEENAN DWAYNE DAVIS,** | No. 1:25-mc-00015-SAB <br><br> ORDER DENYING PLAINTIFF'S MOTION TO BE EXEMPT FROM ELECTRONIC FILING REQUIREMENT <br><br> (ECF No. 1) |

  On February 12, 2025, the Court received a request from Keenan Dwayne Davis seeking relief from the e-filing procedures. (ECF No. 1.)

  In the motion requesting relief from e-filing, Mr. Davis contends that cannot access the e-filing program at Kern Valley State Prison (KVSP) unless he is "assigned to the program by the institution" which will take more than a month or longer because he on a Level 4 180 prison yard. (ECF No. 1.)

  On February 13, 2025, the Court ordered the California Office of the Attorney General to respond by way of special appearance to Plaintiff's contentions. (ECF No. 2.)

  On February 21, 2025, a response was filed by Deputy Attorney General, Ari Sheps. (ECF No. 4.)[1]

  As Plaintiff is incarcerated at KVSP, he is subject to the Standing Order in Re: Procedural Rules for Electronic Submission of Prison Litigation Filed by Plaintiff's incarcerated at CSP-

---

[1] The Court apologizes for the inadvertent delay in issuing this order and any confusion as to the status of this case.

1

1 COR.  Pursuant to the standing order, which applies to initial filings: (1) new complaints are
2 subject to e-filing and they may not exceed twenty-five pages in length; and (2) motions seeking
3 relief from the standing order, motions for emergency relief, or motions to increase the page limit
4 shall be no more than fifteen (15) pages.  As a California Department of Corrections and
5 Rehabilitation participating facility, no initial documents are accepted for filing by the Clerk of
6 Court unless done pursuant to the standing order or the scanning equipment is inoperable for a
7 period longer than forty-eight (48) hours.

> In response to the Court's order, counsel submits as follows:
> Mr. Davis' assertion that he cannot access, or that there is a delay in his ability to access, the e-filing program due to his security level or housing assignment is incorrect. An inmate's security classification, including placement on a Level 4 180 prison yard, has no impact on their ability to participate in the e-filing program or on the timeframe for participation. (Hancock Decl. ¶ 3.) KVSP inmates do not need to be separately "assigned" to the e-filing program. (Hancock Decl. ¶ 2.) Any inmate required to e-file may submit documents to a prison law librarian, who then forwards them to the Litigation Office for electronic filing. If an inmate cannot physically access the law library due to medical or security reasons, a law librarian can retrieve the documents from the inmate's cell. (Id.) There is no waiting period for an inmate to be approved for e-filing.  (Hancock Decl. ¶ 3.)
>
> At all times while incarcerated at KVSP, Mr. Davis has had the ability to electronically file his litigation documents. (Hancock Decl. ¶ 5.) There is no record of him ever being denied access to the e-filing program or prevented from electronically filing a civil complaint or other litigation documents subject to the Court's Standing Order. (Hancock Decl. ¶ 4.) Indeed, on February 20, 2025, Mr. Davis electronically submitted a civil complaint which was electronically filed for another Eastern District matter, Davis v. Clark, et al. (Hancock Decl. ¶ 6.) Mr. Davis continues to have full access to the e-filing program and will remain able to electronically file all litigation documents subject to the Court's Standing Order for as long as he is incarcerated at KVSP. (Hancock Decl. ¶ 7.)

(ECF No. 4 at 2.)

Based on counsel's response that Mr. Davis has always had and continues to have the ability to electronically file his litigation documents, and there is no basis for Court intervention.  Indeed, Plaintiff filed another civil rights action in this Court in case number 1:-25-cv-00229-JLT-SAB (PC), Davis v. Clark, et al., on February 21, 2025.  Therefore, it is clear that Plaintiff has access to electronically file a civil rights action in this Court.  Consequently,  Plaintiff must comply with the normal procedures pursuant to the Court's Standing Order to have his complaint e-filed with this Court.  In the interest of justice, the Court will return all documentation

2

1  submitted to the Court, to be resubmitted electronically.

2  Accordingly, it is HEREBY ORDERED that:

3  1. Mr. Davis' request to be exempt from the electronic case filing system is denied;

4  2. Mr. Davis must comply with the Court's Standing Order to have his complaint e-
5  filed by this Court and the failure to do so will result in return of the complaint as
6  not filed;

7  3. The Clerk of Court shall send Plaintiff a copy of his complaint at his current
8  address of record; and

9  4. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **October 3, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3